1

2

3

4

5

6

7

8

9

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Mary Jane Austin,<br><br>                              Plaintiff,<br><br>    vs.<br><br><br><br>St. Vincent De Paul, Father Joe's Village, and HUD,<br><br>                              Defendants. | CASE NO. 11-CV-0895 - IEG (WVG)<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*;**<br><br>**(2) *SUA SPONTE* DISMISSING COMPLAINT** |

        Plaintiff commenced this action on April 27, 2011, alleging her civil rights were violated. [Doc. No. 1.]  Along with her Complaint, Plaintiff submitted a Motion to Proceed In Forma Pauperis.  Having considered Plaintiff's request, Court **GRANTS** Plaintiff leave to proceed *in forma pauperis*, but **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint.

## DISCUSSION

### I.      MOTION TO PROCEED *IN FORMA PAUPERIS*

        All parties instituting any civil action, suit, or proceeding in a district court, except an application for writ of habeas corpus, must pay a filing fee of $350.  See 28 U.S.C. § 1914(a). However, an action may proceed despite failure to pay the filing fee if the party is granted an *in forma pauperis* ("IFP") status.  See Rodriguez v. Cook, 169 F.3d 1176, 1177 (9th Cir. 1999).  The

1  Court may grant IFP status to any party who demonstrates that he or she is unable to pay such fees

2  or give security therefor.  28 U.S.C. § 1915(a).

3        In the present case, having reviewed Plaintiff's motion and declaration in support of

4  motion, the Court finds that Plaintiff has made a sufficient showing of inability to pay the required

5  filing fees.  See Rodriguez, 169 F.3d at 1177.  Accordingly, good cause appearing, the Court

6  **GRANTS** Plaintiff leave to proceed *in forma pauperis*.

7  **II.      INITIAL SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)**

8        After granting IFP status, the Court must dismiss the case if the case "fails to state a claim

9  on which relief may be granted" or is " frivolous."  28 U.S.C. § 1915(e)(2)(B);  see also Lopez v.

10 Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not

11 only permits but requires" the court to *sua sponte* dismiss an *in forma pauperis* complaint that fails

12 to state a claim).  A complaint is frivolous "where it lacks an arguable basis either in law or in

13 fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded on other grounds as stated in

14 Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000)).  Where a complaint fails to state "any

15 constitutional or statutory right that was violated, nor asserts any basis for federal subject matter

16 jurisdiction," there is no "arguable basis in law" under Neitzke and the court on its own initiative

17 may decline to permit the plaintiff to proceed and dismiss the complaint under Section 1915.   Cato

18 v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).

19       As currently pleaded, Plaintiff's complaint fails to state a cognizable claim and is frivolous

20 to the extent it lacks an arguable basis in law or fact.  The Complaint consists of one paragraph,

21 which fails to allege any facts establishing a cause of action against Defendants:

22        Plaintiff alleges: that the defendants did conspire to violate her Constitutional
          Rights by threats, if plaintiff exposed defendants had violate privacy torts and did
23        not carry out those threats which did cause plaintiff to suffer severe medical
          problem and harm which is a violation under Title 42 § 1985 & 1973.
24
   See Compl.
25
         Even affording Plaintiff's complaint the special consideration given to *pro se*
26
   claimants, her allegations fail to present facts sufficient to support a cognizable legal theory
27
   against Defendant.  Although the Court must assume Plaintiff can prove the facts she
28
   alleges in her complaint, the Court may not "supply essential elements of the claim that

1  were not initially pled." Ivey v. Bd. of Regents of the Univ. of Alaska, 673 F.2d 266, 268

2  (9th Cir. 1982).

3                                    **CONCLUSION**

4       Based on the foregoing, the Court **GRANTS** Plaintiff's Motion to Proceed *in*

5  *Forma Pauperis* pursuant to 28 U.S.C. § 1915(a), but **DISMISSES WITHOUT**

6  **PREJUDICE** Plaintiff's complaint as frivolous and for failing to state a claim upon which

7  relief can be granted.

8       Plaintiff is **GRANTED** thirty (30) days from the date this Order is filed to file a

9  First Amended Complaint addressing the deficiencies of the pleading set forth above.

10  Plaintiff is cautioned her First Amended Complaint must be complete in itself, without

11  relying on references to the original Complaint.  Plaintiff is further cautioned any defendant

12  not named or claim not re-alleged will be considered waived.  See King v. Attiyeh, 814

13  F.3d 1172, 1177-79 (9th Cir. 1996).

14       **IT IS SO ORDERED.**

15  **DATED:  May 19, 2011**

16       _____
     **IRMA E. GONZALEZ, Chief Judge**
17     **United States District Court**

18

19

20

21

22

23

24

25

26

27

28